**Jed W. Manwaring, ISB #3040**
**EVANS KEANE LLP**
**1161 W. River St., Ste. 100**
**P. O. Box 959**
**Boise, Idaho  83701-0959**
**Telephone:  (208) 384-1800**
**Facsimile:  (208) 345-3514**
**E-Mail:  jmanwaring@evanskeane.com**

*Attorneys for Juliana and Shawn Benner*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In re:**<br><br>**KA INVESTMENTS, INC.,**<br><br>Debtor. | **Case No. 17-00495-TLM**<br>**Chapter 7** |

### NOTICE OF ISSUANCE OF SUBPOENA FOR
### THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 45(a)(4), Federal Rules of Civil Procedure, Juliana Benner and Shawn Benner, by and through their attorneys of record, Evans Keane LLP, hereby give notice that they have issued the attached Subpoena requiring Trustee Noah Hillen to produce for inspection and copying the documents and things specified in the Subpoena at the date and time set forth.  The attached Subpoena for the Production of Documents is incorporated by this reference.

DATED this 12th day of December, 2017.

                                              EVANS KEANE LLP


                               By      /s/ Jed W. Manwaring
                                  Jed W. Manwaring, Of the Firm
                                  Attorneys for Juliana and Shawn Benner

*NOTICE OF ISSUANCE OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS - 1*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of December, 2017, I served a copy of the foregoing **NOTICE OF ISSUANCE OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

- **Kaleena Bluemer**   kaleena@angstman.com, kevin@angstman.com
- **Robert A Faucher**   rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com; spturner@hollandhart.com
- **Randal J French**   rfrench@rfrenchlaw.com, G19430@notify.cincompass.com
- **Kimbell D Gourley**   kgourley@idalaw.com, pulmer@idalaw.com; kserrano@idalaw.com
- **Noah G. Hillen**   ngh@hillenlaw.com,   dlr@hillenlaw.com;   llm@hillenlaw.com; sellassets@ecf.inforuptcy.com; ID14@ecfcbis.com
- **Joseph B Jones**   joseph.jones@finance.idaho.gov, stephanie.sze@finance.idaho.gov
- **Jed W Manwaring**   jmanwaring@evanskeane.com, valerie@evanskeane.com
- **David Wayne Newman**   ustp.region18.bs.ecf@usdoj.gov
- **Lewis Nishioka Stoddard**   lstoddard@aldridgepite.com, klansberry@aldridgepite.com
- **US Trustee**   ustp.region18.bs.ecf@usdoj.gov

I further certify that on the 12th day of December, 2017, I served the foregoing on the following non-CM/ECF Registered Participants by first class mail, postage prepaid:

KA Investments, Inc.
308 N. 15th Street
Boise, ID 83702

   /s/ Jed W. Manwaring
Jed W. Manwaring

*NOTICE OF ISSUANCE OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS - 2*

**Jed W. Manwaring, ISB #3040**
**EVANS KEANE LLP**
**1161 W. River St., Ste. 100**
**P. O. Box 959**
**Boise, Idaho 83701-0959**
**Telephone: (208) 384-1800**
**Facsimile: (208) 345-3514**
**E-Mail: jmanwaring@evanskeane.com**

*Attorneys for Juliana and Shawn Benner*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>KA INVESTMENTS, INC.,<br><br>Debtor. | Case No.17-00495-TLM<br>Chapter 7 |

## SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

TO:   TRUSTEE NOAH HILLEN

Pursuant to Bankruptcy Rule 9016 and Rule 45(c)(2), Federal Rules of Civil Procedure, YOU ARE HEREBY COMMANDED to produce and allow inspection and copying of certain documents on or before the 29th day of December, 2017, at the office of Evans Keane LLP, 1161 West River Street, Suite 100, Boise, Idaho 83702. YOU ARE COMMANDED to produce at that time all documents of any kind relating to:

1. All bank statements, cancelled checks and deposited checks for the KA Investments, Inc.'s bank account with Wells Fargo Bank, N.A., from January 1, 2017 to the present.

2. All bank statements, cancelled checks and deposited checks for the KA Investments, Inc.'s bank account with Idaho Independent Bank Account No. 123103 7232 from September 1, 2016 to the present.

Failure to obey this Subpoena may result in punishment by contempt or damages. In compliance with the Federal Rules of Civil Procedure, attached is Rule 45 (d) and (e).

*SUBPOENA FOR THE PRODUCTION OF DOCUMENTS - 1*

As an officer of the Court, pursuant to Rule 45(a)(3) and (d), this 12th day of December, 2017.

EVANS KEANE LLP

By _____
Jed W. Manwaring, Of the Firm
Attorneys for Juliana and Shawn Benner

**Federal Rules of Civil Procedure for the United States District Courts**

**Rule 45. Subpoena**

\*\*\*

**(d) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises-- or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*SUBPOENA FOR THE PRODUCTION OF DOCUMENTS - 2*

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must

*SUBPOENA FOR THE PRODUCTION OF DOCUMENTS - 3*

produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.