TERRY C. COPPLE (ISB No. 1925)
DAVISON, COPPLE, COPPLE & COPPLE, LLP
Attorneys at Law
Chase Capitol Plaza
Post Office Box 1583
199 North Capitol Boulevard
Suite 600
Boise, Idaho 83701
Telephone:    (208) 342-3658
Facsimile:    (208) 386-9428
tc@davisoncopple.com

Attorneys for Defendants

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>KA INVESTMENTS, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 17-00495-TLM<br><br>Adv. Proc. No. 19-6035-TLM<br><br>ANSWER |
| NOAH HILLEN, as Chapter 7 Trustee of the estate of KA Investments, Inc.,<br><br>Plaintiff<br><br>LISA GROTTING f/k/a ALISA LYNNE ALLEN, an individual; KENNEDY ALLEN, an individual; and John Doe 1-10.<br><br>Defendant. | |

COME NOW, Defendants Lisa Grotting f/k/a Alisa Lynne Allen, an individual; and

Kennedy Allen, an individual (hereinafter referred to as "Defendants"), and answer Plaintiff Noah

ANSWER - 1

Hillen, as Chapter 7 Trustee of the estate of KA Investments, Inc.'s Complaint filed in the above-entitled matter on or about April 24, 2019.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a relief upon which relief can be granted.

## SECOND DEFENSE

### I.

Defendants deny Paragraphs 1, 5, 6, 7, 8, 15-33, 38-42, and 44-70.

### II.

Defendants admit Paragraph 2 and admit Paragraph 3 that Kennedy Allen is the daughter of Allen and Grotting but deny the balance of the allegations set forth in Paragraph 3.

### III.

Defendants are without sufficient information to admit the allegation in Paragraphs 4, 9, 10, 11, 12, 13, and 14 of Plaintiff's Complaint and therefore deny the same.

### IV.

Defendants admit Paragraphs 34 and 36 and admit that the Decree of Divorce speaks for itself but deny the balance of the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

### V.

Defendants admit Paragraph 37 of Plaintiff's Complaint.

### VI.

Defendant denies each and every other allegation set forth in Plaintiff's Complaint not specifically admitted herein.

VII.

Defendant is entitled to an award of reasonable costs and attorneys' fees to be paid by Plaintiff as a result of having to defend against Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

The following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In asserting these defenses, Defendants do not admit that they have the burden of proving the allegations or denials contained in the defenses but, to the contrary, asserts that by reason of the denials or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many or all of the defenses and the burden of proving the inverse of the allegations contained in the defenses is upon Plaintiff and not Defendants. Additionally, Defendants do not admit, in asserting any defense, any responsibility or liability, but, to the contrary, specifically denies any and all allegations of responsibility and liability to Plaintiff as asserted in Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense herein, Defendants allege that to the extent they were transferees, they acted in good faith.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense herein, Defendants allege that they are unaware of any fraudulent intent on the part of the Debtor.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense herein, Defendants allege that they exchanged reasonably equivalent value for any alleged property received.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense herein, Defendants allege that any payments received by Defendants were to discharge financial obligations due and owing to Defendants.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense herein, Defendants allege that there was not a transfer of an interest to Defendants in property of the Debtor.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense herein, Defendants allege that any alleged transfer was not for an antecedent debt.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense herein, the Defendants allege that the Debtor was not insolvent at the time of any alleged transfer.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense herein, the Defendants allege that they did not receive more than they would have received in a Chapter 7 liquidation proceeding.

### RESERVATION OF RIGHTS

Defendants allege that they have not knowingly or intentionally waived any applicable affirmative defenses, and they reserve the right to assert and rely on any such other applicable affirmative defenses as they become available or apparent during discovery in this litigation, and therefore they reserve the right to amend this Answer and defenses accordingly, and to assert such

other and further affirmative defenses as may be appropriate.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, that that judgment be entered against Plaintiff for all of Defendants' reasonable costs and attorneys' fees incurred herein and such other and further relief as the Court deems just and proper.

DATED this 13th day of May, 2019.

                                        DAVISON, COPPLE, COPPLE & COPPLE, LLP

                                        By:   /s/Terry C. Copple
                                                 Terry C. Copple, of the firm
                                                 Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of May, 2019, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Noah G. Hillen | ngh@hillenlaw.com |
| Lewis N. Stoddard | lstoddard@aldridgepite.com, klansberry@aldridgepite.com |
| Kaleena Bluemer | kaleena@angstman.com, kevin@angstman.com |
| Robert A Faucher | rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com, spturner@hollandhart.com |
| Terri Pickens Manweiler | terri@pickenslawboise.com |
| Kimbell D Gourley | kgourley@idalaw.com, pulmer@idalaw.com, kserrano@idalaw.com, mingham@idalaw.com |
| Joseph B Jones | joseph.jones@finance.idaho.gov, stephanie.sze@finance.idaho.gov |
| Jed W Manwaring | jmanwaring@evanskeane.com, valerie@evanskeane.com |

        /s/Terry C. Copple
        Terry C. Copple

ANSWER - 6