Lewis N. Stoddard, ISB No. 7766
HALLIDAY WATKINS & MANN, P.C.
702 W. Idaho St., Suite 1100
Boise, ID 83702
Telephone (208)-670-8001
Facsimile (858) 726-2404
Lewis@hwmlawfirm.com

*Attorney for Trustee*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 17-00495-TLM |
|---|---|
| KA Investments, Inc. | Chapter 7 |
| Debtor. | **MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 – LEATHAM CLAIM** |

---

**NOTICE OF MOTION AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

Noah Hillen (the "Trustee"), the chapter 7 for the Consolidated Bankruptcy Estate of KA Investments, Inc., and Rodney D. Allen (the "Debtor"), pursuant to Federal Rule of Bankruptcy Procedure 9019, seeks Court approval of a compromise (the "Motion") of Adversary Proceeding No. 19-6036-TLM (the "Adversary Proceeding") involving Roberta M. Leatham ("Leatham"). Leatham has agreed to pay $10,000 in full satisfaction of all claims

**MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 - 1**

asserted in the Adversary Proceeding and to waive any right to file a proof of claim for any portion thereof. The Adversary Proceeding shall also be dismissed with prejudice with both sides to bear their own fees and costs. The bankruptcy estate is in favor of the settlement, and views this outcome as reaching a similar if not better result than if the bankruptcy estate prevailed in the Adversary Proceeding.

## I.  FACTS

1. Leatham is the spouse of Rodney Allen and during the 4 year period preceding the subject bankruptcy the two resided in Leatham's sole and separate property located at 1726 S. Broxon St., Boise, ID. Bank records of the Consolidated Estate reflect that during the 4 year period preceding the subject bankruptcy Leatham received payments and/or the benefits made on her behalf totaling $158,964.46.

2. Because Trustee has no records pertaining to the purpose of the subject payments, Trustee initially sent a demand for return of all direct payments from the debtor to Leatham, which was rejected by Leatham. Thereafter, subsequent research revealed that additional payments made on or for the direct benefit of Leatham through various improvements to her sole and separate property.

3. Based upon the foregoing, Trustee filed an Adversary Action seeking return of $158,964.46 comprised of $85,400.00 in direct payments from the Debtor to Leatham and another $73,564.46 in payments made for her sole benefit under various fraudulent transfer theories including 11 U.S.C. §§ 544(b), 547(b), 548(a) and 550; Idaho Code §§ 55-906, 55-910, 55-913, 55-914, 55-915, and unjust enrichment (the "Claim"). The Adversary action was filed as Case No. 19-6036-TLM.

## II. PROPOSED COMPROMISE

**MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 - 2**

Leatham has agreed to pay the Trustee $10,000.00 in full satisfaction of the Trustee's Claim and agrees to waive any right to file a proof of claim or to amend any existing proof of claim. The Adversary Proceeding shall also be dismissed with prejudice with both parties bearing their own fees and costs. Subject to Court approval, the Trustee asserts that the settlement is a "fair and equitable" resolution of the dispute based upon factors such as: the probability of successfully litigating the Claim; difficulty in enforcement of a judgment; the complexity, expense and delay of the litigation; the risk of non-collection; and the paramount interest of creditors as analyzed below. *In re Marples*, 266 202, 206, 01.3 I.B.C.R. 116, 118 (Bankr. D. Idaho 2001). Trustee is agreeing to settle this matter for $10,000 based upon review of an affidavit from Leatham detailing her financial condition and based upon additional records which reflect that many, if not all, of the direct payments made to Leatham were to pay for joint living and household expenses of both Leatham and Allen and/or the marital community.

### A. Probability of Successfully Litigating the Claim

This factor is neutral. "Rather than an exhaustive investigation or a mini-trial on the merits, the bankruptcy court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable." *Spirtos v. Ray (In re Spirtos)*, 2006 Bankr. LEXIS 4894 at 32 (9th Cir. BAP 2006).

11 U.S.C. § 547 (b) allows the Trustee to avoid any transfer of an interest of the debtor in property to or for the benefit of a creditor, for on account of an antecedent debt owed by the debtor before the transfer was made, while the debtor was insolvent made on or within 90 days before the date of the filing of the petition which enables the creditor to receive more than he would have received if the case were under chapter 7, the transfer had not been made, and such creditor received payment of such debt. Moreover, the Ninth Circuit has found that payments to

**MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 - 3**

innocent investors in excess of principal that they originally invested are avoidable as fraudulent transfers. *Donnell v. Kowell,* 533 F.3d 762, 770 (9th Cir. 2008). In determining the amount that can be recovered, the Ninth Circuit has adopted a two-step approach. Step one applies a "netting rule" to determine investor liability:

> Amounts transferred by the Ponzi scheme perpetrator to the investor are netted against the initial amounts invested by that individual. If the net is positive, the receiver has established liability, and the court determines the actual amount of liability, which may or may not equal to the net gain, depending on factors, such as whether the transfers were made within the limitations period or whether the investor lacked good faith.

*Id.* Step two permits a good faith investor to retain payments up to the amount invested, and requires disgorgement of only the "profits" paid to them by the Ponzi scheme. *Id.,* at 772.

Pursuant to 11 U.S.C. § 548, the Trustee has an avenue for recovery of a constructively fraudulent transfer [§548(a)(1)(B)]. As noted by this court in *Zazzali v. Goldsmith (In re DBSI Inc.)*, 593 B.R. 795, 817-818, (Bankr. D. Idaho 2018):

> Section 548(a)(1)(A) provides, in relevant part:
>
>> The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition date, if the debtor voluntarily or involuntarily—(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted[.]
>
> … [the Trustee] bears the burden of proving, by a preponderance of the evidence, all of these statutory elements. *Hopkins v. Crystal 2G Ranch, Inc. (In re Crystal)*, 513 B.R. 413, 418 (Bankr. D. Idaho 2014).
>
> While this provision is limited to transfers within 2 years of the petition date, § 544(b) allows a trustee to avoid any transfer of a debtor's property that occurred [**37] earlier if it would be avoidable under applicable law. *Barclay v. Mackenzie (In re AFI Holding, Inc.)*, 525 F.3d 700, 703 (9th Cir. 2008) (citing *In re Acequia, Inc.*, 34 F.3d 800, 809 (9th Cir. 1994)). Here, the applicable state law is found in Idaho Code § 55-906, and the Uniform Voidable Transactions

**MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 - 4**

Act, Idaho Code §§ 55-910, *et seq.*, including Idaho Code § 55-913(1)(a) (transfers with actual intent to hinder, delay or defraud any creditor). Use of § 544(b) allows an extended look-back period allowing avoidance of such transfers that were made within four years prior to the bankruptcy filing. *See* Idaho Code § 55-918(1)(providing that causes of action under Idaho Code § 55-913(1)(a) are extinguished unless action is brought within 4 years); *see generally* [*818] *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1111 (9th Cir. 2010) (discussing genesis and operation of §§ 544(b) and 548); *see also DBSI*, 869 F.3d at 1008.

*Zazzali v. Goldsmith (In re DBSI Inc.)*, 593 B.R. 795, 817-818, (Bankr. D. Idaho 2018).

In a Ponzi scheme case, a presumption arises that transfers made by a Ponzi scheme debtor were made with the actual intent to hinder, delay or defraud creditors. *See e.g., Donell v. Kowell,* 533 F.3d 762, 770 (9th Cir. 2008); *see also Barclay v. Mackenzie (In Re AFI Holding, Inc.),* 525 F.3d 700, 704 (9th Cir. 2008)("]T]he mere existence of a Ponzi scheme is sufficient to establish actual intent" to hinder, delay or defraud"). However, the presumption does not relieve Trustee of the burden of showing that the transfers were made in "furtherance of" the Ponzi scheme. *In re DBSI Inc.,* 593 B.R. at 822. 11 U.S.C. §548(a)(1)(B) meanwhile allows a Trustee to avoid a transfer of interest of the debtor where reasonably equivalent value was not received in exchange for the transfer:

> There are multiple elements that must be established by a plaintiff to sustain a cause of action under § **548(a)(1)(B)**. There must be a "transfer" of property of the debtor that occurs within two years of the filing of the bankruptcy petition. The debtor must have received less than "reasonably equivalent value in exchange for the transfer" and the transfer had to have occurred when the debtor was insolvent or the debtor had to be rendered insolvent as a result of the transfer. Plaintiffs bear the burden of proving all these elements in order to recover under § 548. *Krommenhoek v. Natural Res. Recovery, Inc. (In re Treasure Valley Opportunities, Inc.),* 166 B.R. 701, 703, 94 I.B.C.R. 55, 56 (Bankr. D. Idaho 1994).

*Jordan v. Kroneberger (In re Jordan)*, 392 B.R. 428, 440 (Bankr. D. Idaho 2008). Determining whether a debtor received reasonably equivalent value requires that a debtor receive value and whether said value is reasonably equivalent is "largely a factual question" determined from all of the circumstances surrounding the transfer in question as of the time of the transfer and from the

**MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 - 5**

point of view of the debtor's creditors. *Id.*

Lastly, even where a claim for fraudulent transfer may lie, under § 548(c), a transferee who takes for value and in good faith may retain any interest transferred to the extent that such transfer gave value to the debtor in exchange for the transfer. 11 U.S.C. § 548(c).

In this case, Trustee believes he can in good faith pursue an Adversary Action against Leatham, and has in fact done so and seeks return of the payments totaling $158,964.46; however, whether Trustee can prevail on such claims as to the entire amount is uncertain. For starters, Rod Allen is missing and Trustee's access to records which may refute the records of Leatham and/or her testimony regarding the purpose of the payment she received, which she contends were to cover for joint living and household expenses and which she contends that both she and Allen received the value of creates major issues of fact with respect to the various fraudulent transfer claims including what value was given and to whom it was given, and whether the Ponzi scheme presumption would even apply.

Such Adversary action would also require extensive legal fees and costs especially where the Court has yet to definitively find that a Ponzi scheme exists in this case and where it is unclear, even if a Ponzi scheme existed, whether such transfers were in furtherance of the scheme and what consideration may have been given. While Trustee believes that the evidence shows that the Debtor operated a Ponzi scheme, any litigation over Trustee's Fraudulent transfer claims will necessarily require that the Trustee put on sufficient evidence to establish that the Ponzi scheme existed, that the payments were in furtherance of that scheme, and that inadequate consideration was given.

### B. Difficulty in Enforcement of a Judgment

This factor weighs heavily in favor of compromise. Leatham has provided extensive

**MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 - 6**

records pertaining to her financial condition and ability to repay any portion of the Claim through compromise or otherwise.  Leatham has also provided a sworn affidavit, detailing her financial condition.  Trustee has reviewed those financial records, which reflect insufficient financial assets to satisfy any judgment in this matter and minimal assets on hand.  Leatham's largest asset is her sole and separate Property and while some of the payments were used to improve the subject Property,[1] taking into account the secured liens encumbering the Property and her $175,000 homestead exemption, there is no equity remaining in the Property.  Despite the foregoing, Leatham has offered to pay the Trustee $10,000 in good faith and to bring closure to this matter and for dismissal of the Adversary action.  Trustee anticipates that the estate would receive less than $10,000 if forced to execute on a judgment taking into account the costs of litigation, and then collecting upon any judgment.  Accordingly, Trustee believes that Leatham has insufficient assets to satisfy any judgment and obtaining $10,000 now is in the best interest of the estate.

    **C. The Complexity, Expense, and Delay of the Litigation**

    This factor weighs in favor of compromise.  This is a complex Ponzi scheme case where unfortunately the party with the most knowledge, Rod Allen, is missing.  Should the Court deny this compromise and given the current state of uncertainty surrounding the COVID-19 pandemic, an Adversary Proceeding may not be resolved for an uncertain amount of time.  Moreover, given the number of transactions at issue in the present Adversary, putting on the requisite showing to establish a Ponzi scheme and developing evidence necessary to address and/or refute Leatham's position that the payments she received conveyed value to the estate because they were used for joint household and living expenses of both Leatham and Rod Allen, could easily exceed the

**MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 - 7**

---

[1] Under Idaho law, all property owned by either spouse prior to marriage remains the separate property of that spouse. I.C. § 32-903. However, if a spouse's separate property has been improved or enhanced by the community, a claim for reimbursement by the increase in value of the separate property that can be attributed to the community contribution exists. *Swope v. Swope,* 112 Idaho 974, 983 (1987)

amount being compromised.

### D. The Paramount Interest of Creditors

This factor weighs in favor of compromise. Despite minimal assets Leatham has offered to pay $10,000 without the need for the estate to incur additional legal costs to obtain a Judgment that would likely end up being uncollectable and would ultimately cost the estate in costs, legal fees, and expert witness fees associated with the Adversary Action. Without such compromise, an Adversary Action would only result in a Judgment that the Trustee would still have to collect upon, and which based upon the financial records supplied by Leatham would not likely result in any recovery of any assets for the Estate for two to five years. Collection efforts would only come at additional costs and legal fees to be paid by the estate and extending the life of the present Bankruptcy matter.

Lastly, this is the sole remaining claim to resolve before a final distribution can be made to the creditor pool and the Bankruptcy, which was filed nearly 3 years ago, can be wrapped up. The present compromise is to the benefit of all of the existing creditors/investors who stand to obtain a larger pro-rata distribution as a result of the propose compromise and results in a quicker resolution to the Adversary Action and the Bankruptcy action bringing closure to all parties adversely affected by the actions of Rod Allen.

### III. CONCLUSION

Based upon the forgoing, the Trustee respectfully requests the Court enter an order granting the instant Motion.

Date: March 27, 2020                                     /s/ Lewis N. Stoddard
                                                        Attorney for Chapter 7 Bankruptcy Trustee

**MOTION TO APPROVE COMPROMISE UNDER FED. R. BANKR. P. 9019 - 8**

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on March 27, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**U.S. Trustee**
ustp.region18.bs.ecf@usdoj.gov

Kimbell D. Gourley
kgourley@idalaw.com

Noah G. Hillen
ngh@hillenlaw.com

Robert A. Faucher
rfaucher@hollandhart.com

Kalenna Bluemer
kaleena@angstman.com

Joseph B. Jones
Joseph.jones@finance.idaho.gov

Jed W. Manwaring
jmanwaring@evanskeane.com

Terri Pickens Manweiler
terri@pickenslawboise.com

  AND, I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants by first class mail, postage prepaid:

See attached mailing matrix.

/s/ Lewis N. Stoddard<br>
Lewis N. Stoddard

```
Label Matrix for local noticing        4854 S Silverpine Way                   ATB Capital Partners LLC
0976-1                                 4854                                    890 W. 6th Street
Case 17-00495-TLM                      Boise, ID 83709-6695                    Mountain Home, ID 83647-3336
District of Idaho
Boise
Fri Mar 27 11:57:27 MDT 2020

Absolute Fire Protection, LLC          Adrian Sam Ball                         Kennedy Allen
101 N Phillippi St.                    2490 N Bogus Basin Rd                   9703 SW West Haven Dr.
Boise, ID 83706-1419                   Boise ID 83702-0904                     Portland, OR 97225-6765


Amy Williams                           Jack Archer                             Sharon Christine Archer
1006 Clear Creek Dr                    329 S Phillippi Street                  329 S Phillippi Street
Boise, ID 83709-1226                   Boise, ID 83705-1125                    Boise, ID 83705-1125


BMB Capital Partners, LLC              BMB Capital Partners, LLC               Braydon Ball
Jones Williams Fuhrman Gourley, P.A.   24886 Grayhawk Drive                    2490 N Bogus Basin Rd
225 N. 9th Street, Suite 820           Middleton, ID 83644-5095                Boise, ID 83702-0904
Boise, ID 83702-5778


Lisa Ellen Ball                        Samuel Ball                             Kaleena M. Beck
2490 N Bogus Basin Rd                  2956 W Marbeth Ct                       Madsen Beck PLLC
Boise, ID 83702-0904                   Meridian, ID 83642-4936                 847 E. Fairview Avenue
                                                                               Meridian, ID 83642-1806


Monty and Brenda Bell                  Juliana Benner                          Shawn Benner
Jones Williams Fuhrman Gourley, P.A.   c/o Evans Keane LLP                     c/o Evans Keane LLP
225 N. 9th Street, Suite 820           1161 W. River St., Suite 100            1161 W. River St., Suite 100
Boise, ID 83702-5778                   P.O. Box 959                            P.O. Box 959
                                       Boise, ID 83701-0959                    Boise, ID 83701-0959

Greg Bolton                            Brenda Lucian                           Brian Hodge
6126 W. Tobi Dr.                       6380 W Township Dr                      PO Box 8766
Boise, ID 83703-6102                   Boise ID 83703-5516                     Boise, ID 83707-2766


Gordon Bud Brown                       Cheryl Moorer                           Terry C Copple
8055 Bill Burns Rd                     1502 Randall Dr                         Davison, Copple, Copple & Copple
Emmett, ID 83617-9780                  Searcy AR 72143-3935                    POB 1583
                                                                               Boise, ID 83701-1583


Corbett Auctioneers and Appraisers, Inc.   Curtis Barber                       DLK IRA LLC
POB 191261                             2437 E Challis St                       514 Americas Way PMB 10428
Boise, ID 83719-1261                   Meridian ID 83646-8085                  Box Elder SD 57719-7600


Dan Grindell                           David Blodgett                          David Machado
4477 N. Cartwright Rd.                 199 Capitol Blvd., Suite 602            2302 W. Ellis Ave.
Garden City, ID 83714-5074             Boise, ID 83702-5985                    Boise, ID 83702-3244
```

| | | |
|---|---|---|
| David Machado IRA, LLC<br>2302 W. Ellis Ave.<br>Boise, ID 83702-3244 | David Rudeen<br>1818 Edgecliff Terrace<br>Boise, ID 83702-2911 | David Rudeen IRA LLC<br>199 Capitol Blvd., Suite 602<br>Boise, ID 83702-5985 |
| Derray and Catherine Quarders<br>19460 Knott Lane<br>Nampa, ID 83687-8236 | Douglas Lloyd Lisa Kasefang<br>514 Americas Way PMB 10428<br>Box Elder SD 57719-7600 | Jerry and Julia Ellingson<br>3943 Redstonen Court<br>Antioch, CA 94509-6901 |
| Erica Fransen<br>6302 S Schooner Ave<br>Boise ID 83716-9088 | Michael Falash<br>733 E. Bannock St.<br>Boise, ID 83712-6410 | Robert A Faucher<br>POB 2527<br>Boise, ID 83701-2527 |
| Jennifer Fitz<br>1498 S Boulder View Ln<br>Boise, ID 83712-8441 | GLG Capital LLC<br>10930 West Vega Lane<br>Star ID 83669-5458 | Garet Linda Garrett<br>10930 West Vega Lane<br>Star ID 83669-5458 |
| Gerald Craig Evans - GCE Capital Partners LL<br>1557 E Feather View Dr<br>Eagle, ID 83616-7009 | Gerald and Kristin Evans<br>1557 E Feather View Dr<br>Eagle, ID 83616-7009 | Gordon Brown<br>8055 Bill Burns Rd<br>Emmett ID 83617-9780 |
| Kimbell D Gourley<br>POB 1097<br>Boise, ID 83701-1097 | Greg and Melissa Bolton<br>6126 W. Tobi Dr.<br>Boise, ID 83703-6102 | Lisa Grotting<br>9703 SW West Haven Dr.<br>Portland, OR 97225-6765 |
| Hayden Hill<br>81 E Cholla Hills St<br>Meridian, ID 83646-5889 | Randy and Sharon Haylett<br>10778 W Alfina Dr<br>Boise, ID 83709-1384 | Hayden Hill<br>1422 W Hays St<br>Boise, ID 83702-5028 |
| Noah G. Hillen<br>P.O. Box 6538<br>Boise, ID 83707-6538 | JOHN E. BARLOW<br>PO BOX 8735<br>BOISE, ID 83707-2735 | JRGC FITZ IRA LLC (Jennifer Fitz Advanta IRA<br>1498 S Boulder View Ln<br>Boise, ID 83712-8441 |
| Jack and Chris Archer<br>329 S Phillippi Street<br>Boise ID 83705-1125 | James Williams<br>1006 Clear Creek Dr<br>Boise, ID 83709-1226 | Janet Ouderkirk<br>267 S Astro Ave<br>Star ID 83669-5503 |
| Jennifer Hovey Simple IRA, LLC<br>2302 W. Ellis Ave.<br>Boise, ID 83702-3244 | Jennifer Hovey Traditional IRA, LLC<br>2302 W. Ellis Ave.<br>Boise, ID 83702-3244 | Jerry and Julie Ellingson<br>3943 Redstone Ct<br>Antioch CA 94509-6901 |

| | | |
|---|---|---|
| Jessica Bowman<br>1252 North Scrivner Ave<br>Meridian ID 83642-4067 | Jody Wagner Mallane<br>3919 N. Hackberry Way<br>Boise, ID 83702-1663 | Joseph B Jones<br>PO Box 83720<br>Boise, ID 83720-0031 |
| Joseph B. Jones<br>Attorney General<br>P.O. Box 83720<br>Boise, ID 83720-0031 | Juliana Benner<br>1617 N. 5th St.<br>Boise, ID 83702-3706 | Julie A Snider<br>2339 E Fratello St<br>Meridian, ID 83642-9082 |
| KA Investments, Inc.<br>308 N. 15th Street<br>Boise, ID 83702-5227 | Douglas and Lisa Kasefang<br>514 Americas Way PMB 10428<br>Box Elder, SD 57719-7600 | Kristin Gayle Evans-- KGE Capital Partners L<br>1557 E Feather View Dr<br>Eagle, ID 83616-7009 |
| LG Unlimited LLC<br>10930 West Vega Lane<br>Star ID 83669-5458 | LLK IRA LLC<br>514 Americas Way PMB 10428<br>Box Elder SD 57719-7600 | Lauren Archer<br>329 S Phillipi St<br>Boise, ID 83705-1125 |
| Roberta M. Leatham<br>1726 Broxon Street<br>Boise, ID 83705-3006 | MBolton IRA LLC<br>6126 W. Tobi Dr.<br>Boise, ID 83703-6102 | Jed W. Manwaring<br>Evans Keane LLP<br>1161 W. River St.<br>Suite 100<br>PO Box 959<br>Boise, ID 83701-0959 |
| Marjorie Jackson<br>2165 E Lochmeadow Ct.<br>Meridian, ID 83646-5791 | Mary Jaquier<br>267 S Astro Ave<br>Star ID 83669-5503 | Melissa Bolton<br>6126 W. Tobi Dr.<br>Boise, ID 83703-6102 |
| Michael Falash IRA<br>733 E. Bannock St.<br>Boise, ID 83712-6410 | Mike and Valerie Picard<br>9614 Arant Road<br>Klamath Falls, OR 97603-9405 | Gil Miller<br>Rocky Mountain Advisory, LLC<br>215 South State St #5500<br>Salt Lake City, UT 84111-2356 |
| Todd Moffis<br>Silverhawk Realty<br>2805 Blaine St<br>Caldwell, ID 83605-4675 | Monty and Brenda Bell<br>24886 Grayhawk Dr.<br>Middleton, Idaho 83644-5095 | David Wayne Newman<br>OFFICE OF THE US TRUSTEE US DEPT<br>405 South Main Street, Suite 300<br>Salt Lake City, UT 84111-3402 |
| Nicholas W Snider<br>2339 E Fratello St<br>meridian, ID 83642-9082 | Nicholas Wayne Snider<br>2339 E Fratello St<br>Meridian, ID 83642-9082 | David O'Brien<br>Cascade Lake Realty<br>PO Box 612<br>Cascade, ID 83611-0612 |
| Orion Benner<br>C/o Juliana Benner<br>1617 N. 5th Street<br>Boise, ID 83702-3706 | Janet Ouderkirk<br>8055 Bill Burns Rd<br>Emmett, ID 83617-9780 | Scott Pederson<br>POB 601<br>Bothell, WA 98041-0601 |

| | | |
|---|---|---|
| Terri Pickens Manweiler<br>Pickens Law, P.A.<br>398 S. 9th Street, Ste. 240<br>P.O. Box 915<br>Boise, ID 83701-0915 | Randall P. Meyer<br>1101 E Stockton Rd Apt#3<br>Parma, ID 83660-5964 | Richard F. Welsh<br>5211 Holly Hill Drive<br>Boise, ID 83703-2790 |
| Roanna Barclay<br>2005 W Ellis Ave<br>Boise, ID 83702-3942 | Robert Bowman<br>215 West 6th St<br>Hastings MN 55033-1804 | Roberta Leatham<br>C/O Angstman Johnson<br>3649 N Lakeharbor Ln<br>Boise, ID 83703-6913 |
| Rosamary Izaguirre<br>2631 S Legal Ave<br>Meridian ID 83642-7872 | Rudeen & Associates (Rudeen Architects)<br>199 Capitol Blvd., Suite 602<br>Boise, ID 83702-5985 | Sally Ann Kurdy<br>4149 S Minuteman Way<br>Boise ID 83706-5837 |
| Sharon L Parks<br>9722 Aront Rd<br>Klamath Falls OR 97603-9405 | Shawn Benner<br>1617 N. 5th Street<br>Boise, ID 83702-3706 | Sierra Benner<br>C/o Juliana Benner<br>1617 N. 5th Street<br>Boise, ID 83702-3706 |
| Stacey Dianne Norseth<br>3880 S Lamone Way<br>Meridian ID 83642-8076 | Lewis Nishioka Stoddard<br>Halliday Watkins & Mann P.C.<br>376 East 400 South, Suite 300<br>Salt Lake City, UT 84111-2906 | Tana Hamilton<br>4350 Calimesa Way<br>Klamath Falls OR 97603-7795 |
| Timothy and Linda Klena<br>2950 E Parkcenter Blvd<br>Apt 209<br>Boise, ID 83716-4724 | Timothy and Linda Klena<br>2950 E Parkcenter Blvd #209<br>Boise ID 83716-4724 | US Trustee<br>Washington Group Central Plaza<br>720 Park Blvd, Ste 220<br>Boise, ID 83712-7785 |
| Richard Welsh<br>5211 Holly Hill Dr.<br>Boise, ID 83703-2790 | William Ransom<br>2915 Ivan Ln<br>Klamath Falls OR 97603-8940 | |

**The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.**

| | | |
|---|---|---|
| (d)Adrian Sam Ball<br>2490 N Bogus Basin Rd<br>Boise, ID 83702-0904 | (d)Braydon Ball<br>2490 N Bogus Basin Rd<br>Boise ID 83702-0904 | (d)Noah G. Hillen<br>P.O. Box 6538<br>Boise, ID 83707-6538 |
| (d)Jennifer Fitz<br>1498 S Boulder View Ln<br>Boise, ID 83712-8441 | (u)Timothy and Linda Klena<br>2950 E Parkcenter Blvd #209 | (d)Lisa Ellen Ball<br>2490 N Bogus Basin Rd<br>Boise ID 83702-0904 |

| | | |
|---|---|---|
| (d)David Machado<br>2302 W. Ellis Ave.<br>Boise, ID 83702-3244 | (u)Jody Mallane | (d)Michael Falash<br>733 E. Bannock St.<br>Boise, ID 83712-6410 |
| (d)Cheryl Moorer<br>1502 Randall Dr<br>Searcy, AR 72143-3935 | (d)Randy & Sharon Haylett<br>10778 W Alfina Dr<br>BOISE, ID 83709-1384 | (d)David Rudeen<br>1818 Edgecliff Terrace<br>BOISE, ID 83702-2911 |
| (d)Samuel Ball<br>2956 W Marbeth Ct.<br>Meridian, ID 83642-4936 | (d)Scott Pederson<br>POB 601<br>Bothell WA 98041-0601 | End of Label Matrix<br>Mailable recipients   109<br>Bypassed recipients    14<br>Total                 123 |